IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| JOHNNY LORENZO WADE, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. 1:23-cv-01220-STA-jay |
| ZAC POUNDS | ) ) ) | |
| Respondent. | ) ) | |

**ORDER DIRECTING PETITIONER TO FILE AMENDED PETITION
AND DIRECTING CLERK TO SEND FORM**

Petitioner Johnny Lorenzo Wade, Tennessee Department of Correction prisoner number 542639, an inmate at the Riverbend Maximum Security Institution in Nashville, Tennessee, has filed a *pro se* habeas corpus petition ("the Petition") under 28 U.S.C. § 2254. (ECF No. 1.) The Petition is before the Court on preliminary review. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules.")

Petitioner challenges his Tennessee convictions for first degree murder, felony murder, especially aggravated robbery, attempted first degree murder, and aggravated assault. (ECF No. 1 at PageID 1.) In his first ground for relief, Petitioner alleges that his trial counsel was ineffective for failing to impeach "[a]ny witness of [the] state" even though, according to Petitioner, "[a]ll witnesses had contradicting statements." (*Id*. at PageID 5.) Petitioner does not, however, specifically identify what testimonies from the state's witnesses were contradictory or explain what counsel should have sought to impeach. (*See id*.)

In Petitioner's fourth ground for relief, he contends that trial counsel should have retained an investigator to "track down witnesses" for his defense. (*Id*. at PageID 12). Petitioner does

not, however, identify any potential witnesses that counsel should have investigated or explain how their testimonies would have assisted his defense.  (*See id.*)

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), requires a petitioner to state "all grounds for relief" and "the facts supporting each ground."  "Dismissal under Habeas Rule 2(c) is appropriate in cases where it is impossible to determine from the petitioner's pleadings the exact errors of fact or law raised for adjudication." *Everett v. Leibach*, No. 2:15-cv-02099-MSN-tmp, 2019 WL 13275820, at *13 (W.D. Tenn. Nov. 18, 2019).  The allegations in Petitioner's Grounds Two and Four are not sufficiently pled under Habeas Rule 2(c) and failure to amend the petition with supporting facts may result in the dismissal of those claims.

Further, under Habeas Rule 2(d), a § 2254 petition "must substantially follow either the form appended to [the Habeas Rules] or a form prescribed by a local district-court rule."  This district uses the form published by the Administrative Office of the United States Courts. Petitioner did not use the official form, and as a result, did not provide information that is required by that form and necessary for the Court's preliminary review.

Accordingly, Petitioner is **ORDERED** to file an amended petition on the district's official § 2254 form no later than twenty-eight days from the entry date of this order.  The form must be complete and signed by Petitioner under penalty of perjury.  Each issue must be listed in the text of the form petition or on separate sheets that conform to the format of Pages 6-7 of the form petition.  If Petitioner needs additional time to file an amended petition, he may file a motion seeking an extension of time on or before the due date for his amendment.

Failure to file an amended petition will result in dismissal of the Petition and the case without further notice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk is **DIRECTED** to send Petitioner a § 2254 form.

    **IT IS SO ORDERED**.

                                                      s/ S. Thomas Anderson
                                                      S. THOMAS ANDERSON
                                                      UNITED STATES DISTRICT JUDGE

                                                      Date: October 30, 2023