**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| JOHNNY LORENZO WADE, | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 1:23-cv-01220-STA-jay |
| ZAC POUNDS | ) | |
| Respondent. | ) | |

**ORDER DISMISING PETITION WITHOUT PREJUDICE, DENYING CERTIFICATE OF APPEALABILITY, CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

On October 10, 2023, Petitioner Johnny Lorenzo Wade, Tennessee Department of Correction prisoner number 542639, an inmate incarcerated at the Riverbend Maximum Security Institution in Nashville, Tennessee, filed a *pro se* petition under 28 U.S.C. § 2254. (ECF No. 1.)

Petitioner sought to challenge his Tennessee convictions for first degree murder, felony murder, especially aggravated robbery, attempted first degree murder, and aggravated assault. (*Id*. at PageID 1.) Petitioner alleged that his trial counsel was ineffective for: (1) failing to impeach "[a]ny witness of [the] state" even though, according to Petitioner, "[a]ll witnesses had contradicting statements," (2) failing to subpoena certain witnesses to testify at the suppression hearing (3) failing to call Petitioner's alleged alibi witness; and (4) failing to retain an investigator to "track down witnesses" to assist in Petitioner's defense. (*Id*. at PageID 5-12.) He also alleged that his post-conviction counsel was ineffective for failing to subpoena certain witnesses for the hearing on his state application for post-conviction relief. (*Id*. at PageID 13.)

On preliminary review of Petitioner's § 2254 petition, the Court determined that some of Petitioner's grounds for relief lacked sufficient factual support as required under Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). (ECF No. 6 at PageID 43.)   Additionally, because Petitioner did not use or substantially follow the district's official § 2254 form as required by Habeas Rule 2(d), his petition lacked other relevant information required for the Court's preliminary review of his petition.   (*Id*.)

Accordingly, the Court ordered Petitioner to file an amended petition using the official form.  (*Id*.)   Petitioner was ordered to file his amended petition no later than 28 days from the entry of the Court's order on October 30, 2023.   (*Id*.)   The Court warned that "[f]ailure to file an amended petition will result in dismissal of the Petition and the case without further notice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure."   (*Id*. at PageID 44.)

Petitioner has failed to file an amended petition, and the time for filing has expired. Accordingly, his § 2254 petition is **DISMISSED WITHOUT PREJUDICE** under Rule 41(b) for failure to prosecute.

## APPELLATE ISSUES

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005).   The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner.   Habeas Rule 11.   A petitioner may not take an appeal unless a circuit or district judge issues a COA.   28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing.  28 U.S.C. §§ 2253(c)(2)-(3).  A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 336 (internal quotation marks and citation omitted).  A COA does not require a showing that the appeal will succeed.  *Id.* at 337.  Courts should not issue a COA as a matter of course.  *Bradley*, 156 F. App'x at 773.

In this case, Petitioner has failed to file an amended petition as directed by the Court.  Because any appeal by Petitioner based on dismissal for failure to prosecute would be useless, the Court **DENIES** a certificate of appealability.

Additionally, Federal Rule of Appellate Procedure 24(a)(1) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court.  *See* Fed. R. App. P. 24(a) (4)-(5).  In this case, for the same reasons the Court denies a COA, the Court determines that any appeal would not be taken in good faith.

It is therefore **CERTIFIED**, pursuant to Rule 24(a) that any appeal in this matter would not be taken in good faith and leave to appeal in forma pauperis is **DENIED**.[1]

      **IT IS SO ORDERED**.


                s/ S. Thomas Anderson
                S. THOMAS ANDERSON
                UNITED STATES DISTRICT JUDGE

                Date: January 4, 2024

---

[1] If Petitioner files a notice of appeal, he must pay the full $605 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this Order.   *See* Fed. R. App. P. 24(a)(5).